2000.0408

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:

CRYSTAL MERRIWEATHER, as Parent and Natural
Guardian of LANDREA JONES, a Minor,

        Plaintiff,

vs.

UNITED STATES OF AMERICA and
HOLMES REGIONAL MEDICAL CENTER, INC.,

        Defendants.
_____/

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

COMES NOW the Plaintiffs, CRYSTAL MERRIWEATHER, as Parent and Natural Guardian of LANDREA JONES, a minor, by and through the undersigned attorneys, and sues the Defendants, UNITED STATES OF AMERICA and HOLMES REGIONAL MEDICAL CENTER, INC. (hereinafter referred to as "DEFENDANTS") for damages, and state:

**JURISDICTION AND IDENTIFICATION OF THE PARTIES**

1. This is an action brought pursuant to the procedures outlined in the Federal Tort Claims Act ("FTCA"), as well as the provisions of Florida Statute, Chapter 766.

2. Venue is proper in the Middle District of Florida, as the Plaintiff was a resident of Brevard County, city of Melbourne, Florida and patient of the Defendants, with the principal place of business located in Brevard County, and specifically, in the city of Melbourne, Florida.

3. The Plaintiff, CRYSTAL MERRIWEATHER, is the mother and natural guardian of the minor child, LANDREA JONES.

4. This is a medical malpractice action related to care and treatment provided by Defendants and their employees, servants, and agents, to CRYSTAL MERRIWEATHER during the labor and delivery process which occurred on February 14 and 15, 2018 at HOLMES REGIONAL MEDICAL CENTER.

5. At all times material hereto, the Defendant, UNITED STATES OF AMERICA, owned and operated the Brevard Health Alliance ("BHA") through which obstetrician, Jennifer Escobar Diaz, M.D. (who was an employee of BHA) provided medical care and treatment to CRYSTAL MERRIWEATHER, during CRYSTAL MERRIWEATHER's pregnancy and during the February 14 and 15, 2018 hospitalization.

6. At all times material hereto, BHA was a federally supported healthcare center, formed pursuant to Federally Supported Health Center Assistance Act of 1992, as amended by 42 U.S.C. §233(g)–(n).

7. At all times material hereto, Jennifer Escobar Diaz, M.D. was a physician, licensed to practice in the State of Florida, specializing in obstetrics and gynecology and

practicing in Brevard County, in the city of Melbourne, Florida and employed by BHA; as such, Jennifer Escobar Diaz, M.D. was an employee of BHA and thus, an employee of the UNITED STATES OF AMERICA.

8. At all times material hereto, Anette Ferrell, CNM was a certified nurse midwife licensed to practice in the State of Florida and provided nurse midwifery services to CRYSTAL MERRIWEATHER on February 14 and 15, 2018. She was an employee and/or an agent (actual or apparent) of BHA and therefore, employee and/or an agent (actual or apparent) of the UNITED STATES OF AMERICA; alternatively, and as detailed herein, she was an employee and/or an agent (actual or apparent) of HOLMES REGIONAL MEDICAL CENTER, as explained below.

9. At all times material hereto, HOLMES REGIONAL MEDICAL CENTER provided non-physician services to patients in the labor and delivery process. On February 14 and 15, 2018, CRYSTAL MERRIWEATHER received medical care during her labor and delivery by different health care providers, including physicians, mid-level providers like nurse midwives (including Anette Ferrell, CNM), nurses, nursing assistants, technicians, and other similar non-physician personnel.

10. At all times material hereto, HOLMES REGIONAL MEDICAL CENTER acted by and through its employees, servants, and agents (actual or apparent), including its medical staff, mid-level providers, (including Anette Ferrell, CNM) and nursing staff, who at all times conducted themselves in the conduct and scope of their employment,

agency (actual or apparent) and authority while providing obstetrical, mid-level care and services, and nursing care to the Plaintiff.

11.     This court has jurisdiction over this matter pursuant to 28 U.S.C. §1346(b), §1402(b), §2401(b), §2671-2680, and 28 U.S.C. §1367.

12.     The Plaintiff herein has complied with all conditions precedent to the filing of this matter.

13.     With regard to the claim against the UNITED STATES OF AMERICA, the Plaintiff has complied with all conditions precedent by providing notice to the appropriate government agency pursuant to 28 U.S.C. §2675(a).  The Plaintiff did, in fact, prepare, serve, and deliver Standard Form 95 which was served on January 24, 2020 and acknowledged by the United States Department of Health and Human Services as having been received by that agency on February 3, 2020. A copy of the Form and response are attached hereto and incorporated into the Complaint as Composite Exhibit "A".

14.     On May 21, 2020, the United States Department of Health and Human Services advised the Plaintiff that the administrative tort claim of CRYSTAL MERRIWEATHER, as Parent and Natural Guardian of LANDREA JONES, a Minor, was denied. A copy of that denial letter is attached hereto and incorporated into the Complaint as Composite Exhibit "B".  This denial letter advised the Plaintiff that the Plaintiff may file suit within six (6) months after the date of that final determination. As such, the Plaintiff has complied with all notice provisions, the Plaintiff has filed this

Complaint within the six (6) month timeframe, and this Court has jurisdiction to entertain this Complaint.

15. In addition hereto, the Plaintiff served, by certified mail, return receipt requested, a Notice of Intent to Initiate Litigation against all healthcare providers that contained all of the information and documents required by Chapter 766 of the Florida Statutes to initiate a medical negligence claim. The Defendant, HOLMES REGIONAL MEDICAL CENTER, did respond to that Notice of Intent letter, conducted presuit discovery, and denied the claim. The UNITED STATES OF AMERICA, through its employees and/or agents (actual or apparent), BHA, Jennifer Escobar Diaz, M.D. and Anette Ferrell, CNM, did not respond to the Notice of Intent letter and failed and/or refused to respond and/or participate in any presuit discovery. As a result, the presuit period against all of the DEFENDANTS has expired and thus, entitling the Plaintiff to file this lawsuit.

## FACTS GIVING RISE TO THE COMPLAINT

16. The Plaintiff, CRYSTAL MERRIWEATHER was a 32 year old woman who went to HOLMES REGIONAL MEDICAL CENTER on February 14, 2018 for a labor check. She had been seen several times at HOLMES REGIONAL MEDICAL CENTER during her pregnancy for hospital visits, labor checks and diagnostic imaging studies related to her unborn child's well-being.

17. On February 14, 2018, CRYSTAL MERRIWEATHER was evaluated by the healthcare providers at HOLMES REGINONAL MEDICAL CENTER and admitted for observation. She was 39 weeks pregnant.

18. During this admission, the obstetrical health care team at HOLMES REGIONAL MEDICAL CENTER (including, but not limited to, nursing staff, Jennifer Escobar Diaz, M.D. and Anette Ferrell, CNM) monitored CRYSTAL MERRIWEATHER's labor and decided to start Pitocin, a medication used to augment the labor. When Pitocin is used, however, the Defendants knew this medication can be dangerous when used injudiciously. CRYSTAL MERRIWEATHER was on a fetal monitor which evaluated both the contraction pattern of CRYSTAL MERRIWEATHER and the fetal well-being of the unborn child, LANDREA JONES. As she progressed through her course of labor, the fetal monitoring showed signs that the unborn child, LANDREA JONES, was in significant fetal distress.

19. Despite fetal distress, the unborn child, LANDREA JONES, was not delivered in a timely fashion, even though an emergency C-section was warranted.

20. Ultimately, an emergency C-section was performed and LANDREA JONES was delivered at 1:27 p.m. on February 15, 2018. LANDREA JONES was born with oxygen deprivation and severe neurological injuries.

### COUNT I – CLAIM AGAINST THE UNITED STATES OF AMERICA UNDER THE FEDERAL TORTS CLAIM ACT

The Plaintiff realleges and readopts Paragraphs 1 – 20 and further alleges:

21. The Plaintiff, CRYSTAL MERRIWEATHER, and her unborn child, LANDREA JONES, came under the care of the Defendant, UNITED STATES OF AMERICA when she presented to BHA for her prenatal care.

22. Jennifer Escobar Diaz, M.D. provided prenatal care to the Plaintiff, CRYSTAL MERRIWEATHER and also provided care during the labor and delivery on February 14 and/or 15, 2018. She was an employee of BHA and thus, the claim against Jennifer Escobar Diaz would fall under the Federal Tort Claims Act.

23. During labor and delivery, that Anette Ferrell, CNM provided care and treatment as an employee of BHA and thus, the claim against Anette Ferrell, CNM would fall under the Federal Torts Claim Act.

24. While serving as the obstetrician for CRYSTAL MERRIWEATHER, BHA and Jennifer Escobar Diaz, M.D. had a duty to provide acceptable care and treatment to CRYSTAL MERRIWEATHER, and that was a duty to exercise that degree of care and skill in examining, diagnosing, and treating CRYSTAL MERRIWEATHER, consistent with the prevailing professional standards of care for an obstetrician and obstetrical practice in the State of Florida.

25. At all times material hereto, Jennifer Escobar Diaz, M.D. was negligent in one or more of the following ways:

    a. Failure to properly monitor CRYSTAL MERRIWEATHER's labor;

    b. Failure to recognize fetal distress;

    c. Failure to properly interpret fetal heart rate tracings;

    d. Failure to timely reduce and/or stop Pitocin augmentation;

    e. Failure of the obstetrical team to timely and effectively communicate with each other;

    f. Failure to advocate for earlier delivery;

    g. Failure to perform an earlier C-section;

    h. Failure to protect the health, safety, and welfare of CRYSTAL MERRIWEATHER and her unborn child, LANDREA JONES.

26. At all times material hereto and to the extent that Anette Ferrell, CNM was an employee of BHA and thus, an employee of the UNITED STATES OF AMERICA, then BHA and Anette Ferrell, CNM had a duty to provide acceptable care and treatment to CRYSTAL MERRIWEATHER, and that was a duty to exercise that degree of care and skill in examining, diagnosing, and treating CRYSTAL MERRIWEATHER, consistent with the prevailing professional standards of care for a certified nurse midwife in the State of Florida.

27. At all times material hereto, Anette Ferrell, CNM was negligent in one or more of the following ways:

    a. Failure to properly monitor CRYSTAL MERRIWEATHER's labor;

    b. Failure to recognize fetal distress;

    c. Failure to properly interpret fetal heart rate tracings;

    d. Failure to timely reduce and/or stop Pitocin augmentation;

    e. Failure of the obstetrical team to timely and effectively communicate with each other;

    f. Failure to advocate for earlier delivery;

  g. Failure to perform an earlier C-section;

  h. Failure to protect the health, safety, and welfare of CRYSTAL MERRIWEATHER and her unborn child, LANDREA JONES.

28. As a direct and proximate cause of the aforementioned breaches of the recognized standards of care, CRYSTAL MERRIWEATHER and LANDREA JONES were injured. More specifically, LANDREA JONES suffered injuries, was rendered sick and disabled, and was further caused to suffer needless and unnecessary pain and suffering, bodily injury and disability, continuous pain and agony in her mind and body; a loss of the capacity of the enjoyment of life; expensive and ongoing hospitalization, medical, nursing and attending care and treatment and the loss of earning capacity and the ability to earn money in the future.  These losses are either permanent or continuing in nature, and LANDREA JONES will continue to suffer such losses in the future. Additionally, CRYSTAL MERRIWEATHER has suffered and will continue to suffer the loss of her child's support, consortium, and the comfort and care of her society and damages, including the expenses of hospitalization, medical, nursing, rehabilitative, and attendant care and treatment on behalf of her daughter, LANDREA JONES.

### COUNT II – CLAIM AGAINST HOLMES REGIONAL MEDICAL CENTER FOR THE NEGLIGENCE OF NON-PHYSICIAN PERSONNEL (NURSING STAFF)

The Plaintiff realleges and readopts Paragraphs 1 - 20 and further alleges:

29. The Plaintiff, CRYSTAL MERRIWEATHER, came under the care of the Defendant, HOLMES REGIONAL MEDICAL CENTER for labor and delivery on February 14 and 15, 2018.

30. At all times material hereto, the nursing staff (including nurses, nurses' aides, technicians, and related non-physician personnel), were the employees, servants, and/or agents (actual, apparent), or otherwise, of HOLMES REGIONAL MEDICAL CENTER).

31. The nursing staff employed by HOLMES REGIONAL MEDICAL CENTER also had a duty to provide acceptable nursing care and treatment for CRYSTAL MERRIWEATHER CNM, and that was a duty to exercise that degree of care and skill in examining, diagnosing, and treating CRYSTAL MERRIWEATHER consistent with the prevailing professional standards of care for nurses in the State of Florida. Notwithstanding these duties, the nurses breached them in the following ways:

    a. Failure to properly monitor CRYSTAL MERRIWEATHER's labor;

    b. Failure to recognize fetal distress;

    c. Failure to properly interpret fetal heart rate tracings;

    d. Failure to timely reduce and/or stop Pitocin augmentation;

    e. Failure of the obstetrical team to timely and effectively communicate with each other;

    f. Failure to allow for adequate rest periods for the mother during labor to allow for the unborn fetus to recover;

    g. Failure to advocate for earlier delivery;

> h. Failure to protect the health, safety, and welfare of CRYSTAL MERRIWEATHER and her unborn child, LANDREA JONES.

32. As a direct and proximate result of the negligence of HOLMES REGIONAL MEDICAL CENTER and its employees, servants and/or agents, including the nursing staff, CRYSTAL MERRIWEATHER and LANDREA JONES were injured. More specifically, LANDREA JONES suffered injury, was rendered sick and disabled, and was further caused to suffer needless and unnecessary pain and suffering, bodily injury and disability, continuous pain and agony in her mind and body; a loss of the capacity of the enjoyment of life, expensive and ongoing hospitalization, medical, nursing and attending care and treatment and the loss of earning capacity and the ability to earn money in the future. These losses are either permanent or continuing in nature, and LANDREA JONES will continue to suffer such losses in the future. Additionally, CRYSTAL MERRIWEATHER has suffered and will continue to suffer the loss of her child's support, consortium, and the comfort and care of her society and damages, including the expenses of hospitalization, medical, nursing, rehabilitative, and attendant care and treatment on behalf of her daughter, LANDREA JONES.

### COUNT III- CLAIM AGAINST HOLMES REGIONAL MEDICAL CENTER FOR THE NEGLIGENCE OF ANETTE FERRELL, CNM

The Plaintiff realleges and readopts Paragraphs 1 - 20 and further alleges:

33. The Plaintiff, CRYSTAL MERRIWEATHER, came under the care of the Defendant, HOLMES REGIONAL MEDICAL CENTER and Anette Ferrell, CNM for labor and delivery on February 14 and 15, 2018.

34. At all times material hereto, HOLMES REGIONAL MEDICAL CENTER held itself out to the Plaintiff and to the public, to provide a group of healthcare providers including certified nurse midwives like Anette Ferrell, CNM as skilled in the practice of providing midwifery services. HOLMES REGIONAL MEDICAL CENTER "held out" its obstetrical department and team of providers, including Anette Ferrell, CNM, as being capable and competent to provide appropriate medical care and midwifery services. When CRYSTAL MERRIWEATHER was admitted to the hospital as a patient, HOLMES REGIONAL MEDICAL CENTER provided her with healthcare services and medical care provided by Anette Ferrell, CNM that she and HOLMES REGIONAL MEDICAL CENTER determined to be necessary.

35. HOLMES REGIONAL MEDICAL CENTER granted clinical and staff privileges to Anette Ferrell, CNM.

36. CRYSTAL MERRIWEATHER relied entirely on HOLMES REGIONAL MEDICAL CENTER to provide her with appropriately competent and qualified mid-level providers like Anette Ferrell, CNM to provide midwifery services to her during her hospital admission. All appearances suggested and all ordinary expectations of any reasonable person would be that HOLMES REGIONAL MEDICAL CENTER was responsible for the midwifery services provided by Anette Ferrell, CNM, while she was practicing in this hospital. Her care and treatment was controlled, in part, by rules, regulations, and Bylaws promulgated by HOLMES REGIONAL MEDICAL CENTER's

governing board. Anette Ferrell, CNM was required to abide by said rules, regulations, and bylaws.

37. CRYSTAL MERRIWEATHER assumed Anette Ferrell, CNM worked for HOLMES REGIONAL MEDICAL CENTER because Anette Ferrell, CNM never informed CRYSTAL MERRIWEATHER that she was not employed by HOLMES REGIONAL MEDICAL CENTER and there was nothing that put CRYSTAL MERRIWEATHER on notice of any relationship other than as an employer/employee or principal/agent. Also, Annette Ferrell, CNM did not provide care and treatment to CRYSTAL MERRIWEATHER during her prenatal care at BHA. As a result, Anette Ferrell, CNM was an employee, servant, or agent (actual or apparent) of HOLMES REGIONAL MEDICAL CENTER and was acting in the course and scope of that employment and/or agency relationship and in furtherance of HOLMES REGIONAL MEDICAL CENTER's business interests.

38. CRYSTAL MERRIWEATHER accepted treatment from Anette Ferrell, CNM with the reasonable belief that said treatment was being rendered on behalf of, and with the authority of, HOLMES REGIONAL MEDICAL CENTER. CRYSTAL MERRIWEATHER reasonably believed that Anette Ferrell, CNM was an agent of HOLMES REGIONAL MEDICAL CENTER and justifiably relied on the appearance and representation of such, as well as the reputation of HOLMES REGIONAL MEDICAL CENTER.

39. Upon information and belief, CRYSTAL MERRIWEATHER was not provided midwifery services by Anette Ferrell, CNM at BHA prior to February 14, 2018.

40. Anette Ferrell, CNM had a duty to provide acceptable care and treatment to CRYSTAL MERRIWEATHER and that was a duty to exercise that degree of care and skill in examining, diagnosing, and treating CRYSTAL MERRIWEATHER, consistent with the prevailing professional standards of care for a certified nurse midwife in the State of Florida.

41. At all times material hereto, Anette Ferrell, CNM was negligent in one or more of the following ways:

   a. Failure to properly monitor CRYSTAL MERRIWEATHER's labor;

   b. Failure to recognize fetal distress;

   c. Failure to properly interpret fetal heart rate tracings;

   d. Failure to timely reduce and/or stop Pitocin augmentation;

   e. Failure of the obstetrical team to timely and effectively communicate with each other;

   f. Failure to advocate for earlier delivery;

   g. Failure to perform an earlier C-section;

   h. Failure to protect the health, safety, and welfare of CRYSTAL MERRIWEATHER and her unborn child, LANDREA JONES.

42. As a direct and proximate result of the negligence of HOLMES REGIONAL MEDICAL CENTER and Anette Ferrell, CNM, CRYSTAL

MERRIWEATHER and LANDREA JONES were injured. More specifically, LANDREA JONES suffered injury, was rendered sick and disabled, and was further caused to suffer needless and unnecessary pain and suffering, bodily injury and disability, continuous pain and agony in her mind and body; a loss of the capacity of the enjoyment of life, expensive and ongoing hospitalization, medical, nursing and attending care and treatment and the loss of earning capacity and the ability to earn money in the future. These losses are either permanent or continuing in nature, and LANDREA JONES will continue to suffer such losses in the future. Additionally, CRYSTAL MERRIWEATHER has suffered and will continue to suffer the loss of her child's support, consortium, and the comfort and care of her society and damages, including the expenses of hospitalization, medical, nursing, rehabilitative, and attendant care and treatment on behalf of her daughter, LANDREA JONES.

The PLAINTIFFS hereby demand judgment against the DEFENDANTS for the damages set forth herein.

## REQUEST FOR JURY TRIAL

The PLAINTIFFS hereby request a jury trial on all issues so triable.

## CERTIFICATE OF COUNSEL

Through counsel's signature below, it is hereby certified pursuant to Florida Statute §766.203, that counsel for Plaintiff prior to filing this action has made a reasonable investigation as permitted by the circumstances, to determine that there are grounds for a good faith belief that there is negligence in the care and treatment of the

Plaintiff, CRYSTAL MERRIWEATHER and her unborn child, LANDREA JONES. Further, such reasonable investigation has led to a good faith belief that grounds exist for an action against these named DEFENDANTS.

Dated:     August 14, 2020          Respectfully submitted,

/s Richard B. Schwamm
RICHARD B. SCHWAMM
Florida Bar No.: 897035
Email:     eservice@hpslegal.com
HALICZER, PETTIS & SCHWAMM, P.A.
Landmark Center Two - Suite 475
225 East Robinson Street
Orlando, FL 32801
*Trial Attorney for Plaintiffs*
Telephone:   (407) 841-9866
Facsimile:    (407) 841-9915

<u>Certificate of Service</u>

      I HEREBY CERTIFY that on the 14th day of August, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                  BY:    */s Richard B. Schwamm*
                                                                  RICHARD B. SCHWAMM
                                                                  Florida Bar No.: 897035

RBS:dlb:mfm